J-S47017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: M.W.S. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: M.W.S. | |
| | No. 1743 MDA 2015 |

Appeal from the Order Entered September 15, 2015
in the Court of Common Pleas of Snyder County
Civil Division at No(s): CV-146-2015

BEFORE:  SHOGAN, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED JUNE 29, 2016**

M.W.S. ("Appellant") appeals from the September 15, 2015 order of the Snyder County Court of Common Pleas imposing involuntary commitment to an inpatient Sexual Responsibility and Treatment Program ("SRTP") pursuant to 42 Pa.C.S. § 6403.[1]  After careful review, we affirm.

In April of 2015, Snyder County's District Attorney, acting as designee for Snyder County's Solicitor, filed a petition for involuntary treatment of Appellant pursuant to 42 Pa.C.S. § 6403 in anticipation of Appellant's twentieth birthday.  The trial court conducted a hearing on September 15, 2015.  At the hearing, the Commonwealth proffered the testimony of Robert

---

[1] 42 Pa.C.S. §§ 6401-6409, commonly referred to as Act 21, was enacted effective February 10, 2004, "to provide for the assessment and civil commitment of certain sexually violent juveniles." **In Re K.A.P.**, 916 A.2d 1152, 1156 n.3 (Pa.Super.2007), *aff'd per curiam*, 943 A.2d 262 (Pa.2008).

Stein, Ph.D., a member of the Commonwealth's Sexual Offender Assessment Board ("SOAB"), Jessica Coffey-Christiana, a case management supervisor for Northwest Human Services, and Marcus Peel, a case manager at Northwest Human Services. At the conclusion of the hearing, the trial court found that Appellant met the criteria for involuntary commitment under 42 Pa.C.S. § 6403, and ordered Appellant committed to an SRTP at Torrance State Hospital for a period of one year.

Appellant filed a timely notice of appeal on October 9, 2015, and a timely Pa.R.A.P. 1925(b) statement of matters complained of on appeal on October 30, 2015. The trial court filed its Pa.R.A.P. 1925(a) opinion on November 16, 2015.

Appellant presents the following issue for our review:

I. Did the [t]rial [c]ourt err in making a finding that the Appellant had a mental abnormality or personality disorder, which results in difficulty in controlling sexually violent behavior that makes the Appellant more likely to engage in an act of sexual violence, based solely upon the Commonwealth's expert witness who relied solely on records in the juvenile matters in making his diagnosis of a mental abnormality?

Appellant's Brief, p. 2.

To prevail on a petition for involuntary civil commitment under Act 21, an agency must prove the statutory criteria for court-ordered involuntary treatment by clear and convincing evidence. *See In re A.C.*, 991 A.2d 884, 893 (Pa.Super.2010) ("Act 21 places the burden on the Commonwealth to establish by clear and convincing evidence that the person is likely to commit a sexually violent act before it can subject that person to a one-year

period of involuntary civil commitment[.]"); 42 Pa.C.S § 6403(d). The relevant statutory criteria are that the juvenile: (1) was adjudicated delinquent for an act of sexual violence; (2) is committed to an institution or treatment facility as a result of the adjudication and remains in the facility upon attaining the age of twenty; and (3) is determined to be in need of involuntary treatment due to a mental abnormality or personality disorder which results in serious difficulty in controlling sexually violent behavior that makes the person likely to engage in an act of sexual violence. *See* 42 Pa.C.S. § 6403(a).

Act 21 defines "sexually violent delinquent child" ("SVDC") as "[a] person who has been found delinquent for an act of sexual violence which if committed by an adult would be a violation of . . . [18 Pa.C.S. §] 3123 (relating to involuntary deviate sexual intercourse), . . . [or 18 Pa.C.S. §] 3126 (relating to indecent assault) . . . and who has been determined to be in need of commitment for involuntary treatment under this chapter." 42 Pa.C.S. § 6402. Act 21 further defines "mental abnormality" as "[a] congenital or acquired condition of a person affecting the person's emotional or volitional capacity." *Id.*

Appellant's argument on appeal implicates the third component of the statutory criteria enumerated in Section 6403(a).[2] *See* Appellant's Brief, p.

---

[2] The certified record reveals, and Appellant concedes, that Appellant (1) was adjudicated delinquent of qualifying acts of sexual violence (involuntary
*(Footnote Continued Next Page)*

6. Specifically, Appellant alleges that the Commonwealth, by relying solely on the testimony of Dr. Stein, adduced insufficient evidence to illustrate by clear and convincing evidence that Appellant suffers from a mental abnormality that makes him more likely to commit an act of sexual violence. *See id.* at 6-7. We do not agree.

As previously stated, at the Act 21 hearing, the Commonwealth presented the testimony of Dr. Robert Stein. N.T. 9/15/2015, pp. 3-27. The court qualified Dr. Stein as an expert in the field of psychology and the treatment and assessment of sexual offenders.[3] *Id.* at 10. Dr. Stein testified that he reviewed Appellant's psychological history, placement history, and progress notes on his various placements. *Id.* at 5-8. Dr. Stein noted Appellant's multiple movements between placements and continuing acts of nonconsenting sexual behavior involving 31 victims over an 8-year period. *Id.* at 7. Dr. Stein testified Appellant's mental abnormality is "other

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

deviate sexual intercourse and indecent assault in 2008 and 2010, respectively), and (2) remained committed to a treatment facility upon attaining the age of twenty, thus satisfying the first two statutory criteria for involuntary civil commitment under Act 21. *See* Appellant's Brief, p. 6.

[3] After completing a dissertation involving testing sexual arousal and sex offenders, Dr. Stein received a doctorate in neurologic and cognitive psychology from the City University of New York in 1988. N.T. 9/11/2015, p. 4. Over the course of his career, Dr. Stein has assessed over 2,000 sex offenders and treated over 1,000 sex offenders. *Id.* Since becoming a member of the SOAB in 1998, Dr. Stein has assessed over 1,000 offenders for the Board. *Id.*

specified paraphilic disorder of nonconsent."[4] *Id.* at 11-12, 21. Dr. Stein further testified that Appellant's behavioral history of violating children and committing sexual violations in closely supervised settings illustrated his predisposition to sexual violence. *Id.* at 12-14. Ultimately, Dr. Stein opined that Appellant fit the criteria for involuntary commitment under Act 21. *Id.* at 6.

In light of this testimony, we conclude that the Commonwealth established at the Act 21 hearing, by clear and convincing evidence, that Appellant is in need of involuntary treatment due to a mental abnormality or personality disorder, which results in serious difficulty in controlling sexually violent behavior that makes him likely to engage in an act of sexual violence. Accordingly, the Commonwealth satisfied the third Section 6403(a) criterion, and Appellant's claim to the contrary fails.

That Dr. Stein based his conclusions on a review of Appellant's records and not personal observations or an independent evaluation of Appellant is irrelevant. Pennsylvania Rule of Evidence 703 provides:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.

---

[4] Dr. Stein explained that other specified paraphilic disorder of nonconsent is an abnormality defined as a condition that predisposes an individual to sex offenses or sexual acts upon others without their consent, whether forced, coerced, or otherwise. N.T. 9/15/2015, pp. 11, 21.

Pa.R.E. 703.  Accordingly, Dr. Stein properly based his assessment on his review of Appellant's history and records.[5]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2016

---

[5] Further, we note that defense counsel chose not to allow Dr. Stein to interview Appellant.  N.T. 9/15/2015, p. 9.  As such, we find Appellant's argument that Dr. Stein's assessment is flawed because Dr. Stein did not personally observe him borders on the disingenuous.